BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:14-CV-00144-AWI-SKO |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $13,720.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about June 11, 2013, detectives with the Fresno County Sheriff's Office seized a Federal Express parcel which contained a total of $13,720.00 in U.S. currency (hereafter "Defendant Currency").

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about October 28, 2013, the DEA received a claim from Aaron Brown ("Brown") asserting an ownership interest in the Defendant Currency.

3. The United States represents it could show at trial that:

   a. On or about June 11, 2013, detectives with the Fresno County Sheriff's Office responded to the Federal Express Office located in Clovis, California regarding a suspicious parcel located at the facility.

        b.     The parcel listed the sender as "Aaron Brown, 1950 Trailwood Heights Lane, Raleigh, North Carolina" and the addressee as "Patti Lutz, 10647 N. Oak Hill Circle, Fresno, California".

        c.     A Federal Express employee noticed the parcel was from North Carolina, was bulging in the center and heavily taped. The employee opened the parcel and found a manila-colored envelope which contained a vacuum-sealed brick of cash.

        d.     The employee gave the suspicious parcel to a Federal Express supervisor who then contacted the Fresno County Sheriff's Office for further investigation.

        e.     After arriving at Federal Express, a Sheriff's office narcotic detection canine gave a positive alert to the odor of narcotics on the Defendant Currency.

        f.     Officers contacted the recipient of the package, Patricia Darlene Lutz (hereafter "Lutz"). While Lutz told officers that the money was sent to her by Brown, a friend of hers, relating to the sale of jewelry, officers were suspicious of her story. When the detective asked for Brown's phone number, Lutz appeared to have difficulty finding the number and the detective believed that Lutz appeared to be deleting text messages from Brown in front of the detective;

        g.     The detective explained that the currency found inside the parcel would not be returned to Lutz and would be seized for federal forfeiture proceedings. Lutz told the detective she would be filing a claim for the Defendant Currency.

        h.     Months later, Brown, rather than Lutz, filed an administrative claim to the property. In the claim, Brown made statements that seemed inconsistent with certain statements Lutz made to detectives.

    4.     As a result of the foregoing, the United States believes that it could establish at trial that the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

    5.     Without admitting the truth of the factual assertions contained in this stipulation, Brown specifically denying the same, for the purpose of reaching an amicable resolution and compromise of this matter, Brown agrees that an adequate factual basis

1 | exists to support forfeiture of the Defendant Currency.

2 |     6.    The Defendant Currency is in the custody of the United States Marshals
3 | Service, Eastern District of California.

4 |     7.    Brown hereby acknowledges that he is the sole owner of the Defendant
5 | Currency, and that no other person or entity has any legitimate claim of interest therein.
6 | Should Lutz or any person institute a kind of claim or action against the government with
7 | regard to its forfeiture of the Defendant Currency, Brown shall hold harmless and
8 | indemnify the United States.

9 |     8.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and
10 | 1355, as this is the judicial district in which acts occurred giving rise to the forfeiture.

11 |     9.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial
12 | district in which property was seized.

13 |     10.    The parties herein desire to settle this matter pursuant to the terms of a duly
14 | executed Stipulation for Consent Judgment of Forfeiture.

15 | Based upon the above findings, and the files and records of the Court, it is hereby
16 | ORDERED AND ADJUDGED:

17 |     1.    The Court adopts the Stipulation for Consent Judgment of Forfeiture entered
18 | into by and between the parties.

19 |     2.    All right, title, and interest in the $7,720.00 of the Defendant Currency,
20 | including any interest that may have accrued on the entire $13,720.00 amount, seized on
21 | or about June 11, 2013, shall be forfeited to the United States pursuant to 21 U.S.C. §
22 | 881(a)(6), to be disposed of according to law.

23 |     3.    Upon entry of a Consent Judgment of Forfeiture herein, but no later than 60
24 | days thereafter, $6,000.00 of the Defendant Currency, shall be returned to Brown, through
25 | his attorney J. Allen Crumpler III, Stubbs, Cole, Breedlove, Prentis & Biggs PLLC, 122
26 | East Parish Street, P.O. Box 376, Durham, NC 27702.

27 |     4.    Plaintiff United States of America and its servants, agents, and employees
28 | and all other public entities, their servants, agents and employees, are released from any

CONSENT JUDGMENT OF FORFEITURE     3

and all liability arising out of or in any way connected with the seizure and/or forfeiture of the Defendant Currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and/or forfeiture, as well as to those now known or disclosed.  Brown agree to waive the provisions of California Civil Code § 1542, which provides:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

  5. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the Defendant Currency and hereby enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 in the form of this Judgment.

  6. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

Dated:   February 6, 2014         _____
                SENIOR DISTRICT JUDGE